Howell, J.
A motion is made to dismiss this appeal, because it is a suspensive appeal irom a judgment on an opposition to the appointment of an administrator, which the law does not allow.
The appeal has been taken and brought up, and the fact that it is designated as a suspensive appeal is not a cause for dismissal. There is no objection to the sufficiency of the appeal bond, which is for a sum fixed by the court, or the right to an appeal from the judgment as a devolutive appeal.
The motion is refused.
The appellant, Ed. Cousinard, as dative tutor of the minor Mary S. Daigle, applied for letters of administration of the successions of her deceased parents. Mary W. Willoughby, daughter of Treville Daigle by a previous marriage, opposed this application ; asked that she, with her husband, be appointed to administer, and that in case they be unable to give bond, the public administrator be appointed, and that he be appointed provisionally pending the contest. The parish judge granted the order for the provisional appointment. This occurred in November, 1873.
On the second of January, 1874, Cousinard filed a motion to fix a day by which Mr. and Mrs. Willoughby should furnish bond and qualify, and, in default thereof, that he be appointed, as claimed in his original application, and that the order appointing the public administrator be rescinded. The judge fixed the first Monday of the next term (February) as the date by which they should comply, and, in default, show cause why Cousinard should not be appointed, and ordered the parties to be notified. On the eighteenth of February Mrs. Willoughby filed the plea of lis pendens, and again averred that if she could not furnish bond the public administrator was entitled to retain the admin *525 istratiou in preference to Cousinard. On the trial of the issue thus formed, the judge rendered judgment authorizing the public administrator to administer the said successions, the major heir, Mrs. Willoughby, failing to give bond.
From this judgment Cousinard appealed.
Conceding that there was such a contestation for the administration as to authorize the appointment of the public administrator to administer until the final decree determining the rights of the respective claimants, as provided by section-two of act 87 of 1870, the judge erred in giving the permanent administration to him, as this is not a case in which the public administrator could be so appointed, the heirs being present and represented. When the major heir failed to furnish bond .and qualify, the tutor of the other heir should have been appointed.
It is therefore ordered that the judgment appealed from be reversed, and that Edward Cousinard be appointed and authorized to administer the successions of Treville Daigle and Mary J. Roddy, his wife, upon complying with the requisites of the law; co3ts to be paid by the appellee.